554 A.2d 124

**Richard DUTTON, an Incompetent by Mary G. DUTTON, Parent and Natural Guardian, Appellant,**

**v.**

**EDUCATORS MUTUAL LIFE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1988.

Filed Feb. 14, 1989.

Richard M. Serbin, Altoona, for appellant.

John W. Heslop, Jr., Altoona, for appellee.

Before OLSZEWSKI, DEL SOLE and KELLY, JJ.

DEL SOLE, Judge:

This appeal seeks to resolve whether Section 203 of the No-fault Motor Vehicle Insurance Act [1] requires the benefits of a group health insurance policy which contains a coordination of benefits clause to be paid to an employee where that individual has already received payment of medical bills by a no-fault carrier. We conclude that a clearly worded and conspicuously displayed coordination of benefits clause included in a health insurance policy must be enforced preventing duplicate recovery of medical expenses.

---

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101 et seq., repealed by the Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

The underlying action was initiated after Appellant, Richard Dutton, sustained severe and permanent injuries as a result of a collision between an automobile he was driving and a tractor-trailer. At the time of the accident, Mr. Dutton was an insured under a policy issued by Nationwide Mutual Insurance Company in accordance with the provisions of the No-fault Act. The Nationwide policy did not contain an election making it's benefits excess to any other valid and collectible health insurance benefits, as permitted by the No-fault Act. 40 P.S. 1009.203(b). When the accident occurred, Mr. Dutton was also an employee of Shaw Brothers Packing which maintained a group policy providing health insurance coverage issued by Appellee, Educators Mutual Life Insurance Company. Nationwide, pursuant to the terms of its policy paid various medical bills incurred by Mr. Dutton. However, Appellee denied Mr. Dutton's claims for duplicate benefits relying upon a coordination of benefits provision contained in its policy. It required that any benefits payable "shall be coordinated with the benefits payable ... under such other Plan or Plans." It further provided that the benefits paid by Educators "and any other Plans will be coordinated so that the aggregate amount paid will not exceed 100% of any necessary, reasonable and customary expenses...." The term "plan" was defined to include "benefits payable ... under ... any coverage provided or required by statute." Based upon these facts the trial court was asked to rule on a Motion for Summary Judgment filed by Appellee.

The trial court initially determined that for purposes of summary judgment it would assume Mr. Dutton was an insured under his employer's group health insurance plan, a factual issue contested by the parties. It went on to find that Section 203 of the No-fault Act[2] permits double recovery in some instances, but that "the terms of the coordination of benefits clause are clear and unambiguous." It concluded that "there can be no doubt that the clause precludes a double recovery." Accordingly, summary judgment was awarded in Appellee's favor. Mr. Dutton con-

2. 40 P.S. § 1009.203

tests this ruling and maintains that he should be afforded the benefit of double recovery under the two policies of insurance. He asserts that the trial court failed to follow applicable statutory and case law which would permit him to recover duplicate medical expense benefits.

In support of this position Appellant cites to section 203(a) of the No-fault Act. It states:

If benefits other than no-fault benefits are provided to an individual through a program, group, contract or other arrangement for which some other person pays in whole or in part that would inure to the benefit of a victim or the survivor of a deceased victim injured as a result of an accident in the absence of no-fault benefits, then any reduction or savings in the direct or indirect cost to such person of such benefits resulting from the existence of no-fault benefits shall be returned to such individual or utilized for his benefit.

As noted by Appellant both case law and writers have interpreted Section 203 to permit double recovery. In *Allstate v. Heffner*, 491 Pa. 447, 421 A.2d 629, 635–36 (1980) the court remarked that "section 203 of the Act concerning Collateral Benefits *permits* victims to recover their medical expenses from Blue Cross and Blue Shield and then recover the same expenses a second time from the no-fault carrier." (emphasis added). In a treatise entitled *The Pennsylvania No-fault Motor Vehicle Insurance Act,* edited by D. Shrager, it is stated:

The 'benefits other than no-fault benefits' referred to in Section 203(a) clearly envisions medical and hospitalization plans paid for in whole or in part by the victim's employer. *The section does not prevent the victim from realizing a double recovery.* It simply requires that any savings which result from an offset provisions in any medical or hospitalization plan must be passed on to the individual employee.

D. Shrager, *The Pennsylvania No-fault Motor Vehicle Insurance Act,* 148 (1979).

These two sources were cited by this court in *Steppling v. Pennsylvania Manufacturers Association Insurance*

*Company,* 328 Pa.Super. 419, 477 A.2d 515 (1984). The *Steppling* court held that an insured had a right to recover from her No-fault carrier, hospital expenses which had been previously paid by a private Blue Cross plan, since no election was made under Section 203(b) designating the No-fault policy as a policy providing excess coverage. Noting the absence of this election and the resulting absence of a reduction in premium payments, the court found *"no bar in Section 203"* to double recovery. *Id.,* 328 Pa.Superior Ct. at 428, 477 A.2d at 519.

These citations are referred to by Appellant in support of his position that Section 203 permits double recovery "and is not altered by any coordination of benefits provision." He submits that, although it cannot be determined from the Opinion, the Blue Cross policy in *Steppling* "certainly" would have contained a coordination of benefits provision since "such clauses are standard in nearly all health care insurance plans."

First, we cannot assume, as does Appellant, that certain facts were present in the *Steppling* case which were not included in the Opinion. However, the presence or absence of a coordination of benefits clause in *Steppling* would not be crucial to the outcome of that case. The *Steppling* court was concerned with interpreting a No-fault auto insurance policy. Payments were already made under the Blue Cross policy and its interpretation was not at issue. The court noted that an election was not made under the No-fault policy making its coverage excess, the insured did not receive a reduction in premium payment as he would have had such an election been made, and Section 203 *did not bar* recovery. Presumably had such an election been made, and the insurer was in receipt of a reduced premium payment, the outcome of the decision would have been different. The *Steppling* court did not hold that Section 203 required double recovery when insurance is purchased from a source other than the no-fault carrier. Likewise, the Supreme Court in *Allstate v. Heffner, supra,* only stated that Section 203 *permitted* victims to recover twice. Sim-

ilar language was used in the treatise cited above in reasoning that section 203 *does not prevent* a double recovery.

At issue in this case is not an interpretation of the No-fault policy. Payment has already been made under the provisions of that policy. Mr. Dutton is seeking to recover under the terms of a private health insurance policy. That policy includes a coordination of benefits provision. Had this policy not contained a coordination of benefits provision a different premium would likely have been charged to the employer, and duplicate recovery would be possible. Since this policy does contain a coordination of benefits provision it must be enforced as long as it does not violate the statutory provisions of the No-fault Act. We perceive no such violation.

Section 203 has been interpreted to "permit" and "not prevent" double recovery. As stated, it does not require duplicate benefits to be paid in a situation as is presently before us. Section 203(a) requires that when a medical or hospitalization plan is paid for by the employer, as it was in this case, savings which result from the existence of No-fault benefits are to be passed on to the employee. The record contains an affidavit in support of Appellee's motion for Summary Judgment which provides that such savings are indirectly realized by the employee. It states that actual claims made in the past affected the rates charged and the dividends payable to the employer. It is contemplated that these benefits will be passed to the employee through "better wages, working conditions, and other benefits." One can perceive that the absence of a coordination of benefits clause will result in greater claim payments with a resulting increase in premium charges and decrease of payable dividends. In short, the policy which Appellant's employer purchased at a certain rate, included a coordination of benefits provision and this clear and unambiguous contract provision must be enforced since it does not violate the pronouncements of Section 203.

In addition to the legal argument regarding the interpretation of Section 203, Mr. Dutton also claims that summary judgment was inappropriate in this case because a genuine

issue of material fact remained in dispute. Appellant submits that the record does not reveal whether he received notice of the coordination of benefits clause or a copy of the policy issued by Appellee. Although a problem of notice may arise when a copy of the policy or literature furnished to the individual employee fails to include a limitation which appears in a master group policy, *See Group Insurance Policy–Exclusions–Notice*, 6 ALR 4th 835 (1981), this type of dispute was not presented by Appellant to the trial court. In the Answer and New Matter filed by Appellee reference is made to the coordination of benefits provision which appears in their policy. In Mr. Dutton's reply to New Matter he denies that this provision prohibits him from receiving the benefits he seeks, but he does not indicate that this provision is inapplicable because of any lack of notice. In fact, this allegation cannot be found in the record and is raised for the first time by Appellant in his Brief on appeal. Since this factual dispute Appellant now raises did not appear on the record, the trial court properly entered summary judgment. And, in ruling in favor of Appellee the trial court correctly concluded that the clear and "conspicuously displayed" contract provision requiring coordination of benefits found in the group insurance policy is enforceable.

Order affirmed.